UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STANLEY COLLINS

vs.                                              CASE NO. 8:12-CR-78-T-24TBM

UNITED STATES OF AMERICA
_____/

**ORDER**

This matter is before the Court on Defendant Stanley Collins' "Motion Pursuant to Federal Rules of Civil Procedure Rule 60(B)(4) Void Judgment Where the Government had Defaulted Forfeiture" and memorandum in support thereof (Dkts. 130, 131). The Government has filed a response in opposition. (Dkt. 132). For the reasons below, the motion is DENIED.

**BACKGROUND**

Defendant Collins was charged with (1) conspiracy to possess with intent to distribute five kilograms or more of cocaine, and (2) attempting to possess with the intent to distribute five kilograms or more of cocaine. Dkt. 13. The indictment also contained forfeiture allegations that stated the United States would pursue forfeiture of $149,885 that was seized from Defendant on January 6, 2012. Dkt. 13 at 3. Thus, the indictment put Defendant on notice of the United States' intent to seek forfeiture.

Defendant was found guilty by a jury of both counts charged in the indictment. After the guilty verdict, on May 9, 2012, the United States filed a Motion for Preliminary Order of Forfeiture

as to the $149,885 in United States currency as discussed in the indictment. Dkt. 60. The Court entered the Preliminary Order of Forfeiture on May 11, 2012, which forfeited all right, title and interest of Defendant in the currency. Dkt. 61. Defendant was sentenced on September 12, 2012 and the forfeiture was included in his final judgment. Dkt. 81.

The United States filed a Motion for Final Judgment of Forfeiture on September 12, 2012 and the Court entered a Final Judgment of Forfeiture as to the $149,885 in currency on September 17, 2012. Dkt. 86.

The Court has previously denied Defendant's "Motion for Return of Property, Motion for/to Receive Transcripts, Motion Challenging Jurisdiction," in which Defendant asked for the return of the forfeited currency, and noted that the forfeiture was included in the final judgment and that Defendant did not appeal the forfeiture. Dkt. 119.

**DEFENDANT'S MOTION**

In his motion, Defendant asserts that (1) he did not received adequate notice of the forfeiture proceeding; (2) the government failed to pursue a forfeiture proceeding; and (3) the judgment of the Court is void for lack of jurisdiction. Defendant brings this motion pursuant to Fed. R. Civ. P. 60(b), however, as the Government points out, Rule 60(b) is not applicable to criminal cases and cannot be used to challenge a criminal forfeiture order. *See United States v. Davis*, 151 Fed. Apx. 880, 881 (11th Cir. 2005) (stating that "[a]lthough Rule 60(b) provides for relief from a final judgment, it does not provide for relief from judgment in a criminal case and, therefore, cannot be used to challenge criminal forfeiture orders.") (citing *United States v. Mosavi*, 138 F. 3d 1365, 1366 (11th Cir. 1998)).

Even though Rule 60(b) does not apply to criminal forfeiture proceedings, Defendant received adequate notice of the forfeiture. Criminal Rule of Procedure 32.2(a) governs the notice required in a criminal forfeiture proceeding. Rule 32.2(a) provides that "[a] court must not enter a judgment of forfeiture in a criminal proceeding unless the indictment or information contains notice to the defendant that the government will seek the forfeiture of the property as part of any sentence in accordance with the applicable statute." Here, the indictment contained the proper notice of the United States' intention to forfeit the currency that was involved in the charged offenses. *See* Dkt. 13.

Moreover, despite Defendant's unsupported contention that the Government failed to pursue forfeiture in this case, the Court entered the Final Judgment of Forfeiture on September 17, 2012 (after entering a Preliminary Order of Forfeiture and including the forfeiture in the final judgment). At no time during the proceedings or on appeal did Defendant challenge the forfeiture order.

Finally, Defendant argues that the judgment is void because he was denied an opportunity to be heard. Defendant received proper notice throughout the proceedings of the forfeiture, beginning with the indictment. The Court finds that Fed. R. Civ. P. 60(b)(4) cannot be used to challenge the forfeiture in this case and that Defendant's claims are without merit. Defendant's Motion is **DENIED**.

DONE and ORDERED in Tampa, Florida this 9th day of May, 2016.

SUSAN C. BUCKLEW
United States District Judge

Copies: Counsel of Record
Pro se Petitioner