UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                     Case No.: 8:12-cr-78-VMC-TBM

STANLEY COLLINS

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Stanley Collins's pro se Motion for Reduction of Sentence/Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. # 184), filed on February 14, 2024. The United States of America responded on April 2, 2024. (Doc. # 187). For the reasons set forth below, the Motion is denied.

**I.  Background**

On September 5, 2012, the Court sentenced Mr. Collins to two terms of life imprisonment after his conviction following trial. (Doc. # 81). The two counts of conviction were conspiracy to possess with intent to distribute five kilograms or more of cocaine and attempting to possess with intent to distribute five kilograms or more of cocaine. (Doc.

1

## 56, 81). Mr. Collins is 59 years old and housed at Beaumont USP.[1]

Mr. Collins first moved for compassionate release in January 2021. (Doc. # 178). The Court denied that motion in February 2021, finding that Mr. Collins had not established an extraordinary and compelling reason for release, that he was a danger to the community, and that the Section 3553(a) factors weighed against release. (Doc. # 182).

Now, in the instant Motion, Mr. Collins again seeks compassionate release from prison under Section 3582(c)(1)(A). He argues that compassionate release is appropriate because the sentence he received in 2012 would be shorter if he were sentenced today under current law. (Doc. # 184 at 7-9). He also briefly notes his rehabilitation efforts. (Id. at 12-13). The United States has responded (Doc. # 187), and the Motion is now ripe for review.

## II. Discussion

The United States argues first that the Motion should be denied because Mr. Collins has not established an extraordinary and compelling reason for compassionate release

---

[1] This information was obtained using the Bureau of Prisons' online inmate locator. See https://www.bop.gov/inmateloc/.

and, alternatively, that Mr. Collins is a danger to others and the Section 3553(a) factors weigh against release. (Id.).

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010). The First Step Act of 2018 expressly permits district courts to reduce a previously imposed term of imprisonment. United States v. Jones, 962 F.3d 1290, 1297 (11th Cir. 2020). If the exhaustion requirement is satisfied, a district court may reduce a prisoner's term of imprisonment "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable," if it finds that extraordinary and compelling reasons warrant such a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). But it is the "defendant's burden to show that his circumstances warrant a sentence reduction." United States v. Alonge, No. 21-13566, 2022 WL 1135533, at *1 (11th Cir. Apr. 18, 2022).

"Following the recent amendments to the sentencing guidelines, which went into effect on November 1, 2023, there are now six extraordinary and compelling reasons justifying relief under § 1B1.13: (1) the defendant's medical circumstances, (2) advanced age, (3) family circumstances, (4) whether the defendant is a victim of abuse, (5) 'other

3

reasons,' and (6) whether the defendant received an unusually long sentence." United States v. Allen, No. 1:09-CR-320-TCB, 2024 WL 631609, at *2 (N.D. Ga. Feb. 12, 2024).

In his Motion, Mr. Collins relies on the "unusually long sentence" category of extraordinary and compelling circumstances based on the life sentence he received. (Doc. # 184 at 7-9). According to Mr. Collins, if he had been sentenced today, he would have received a lower sentence. (Id.). The Court is doubtful as both counts of conviction here still carry a statutory maximum penalty of life imprisonment, such that this Court could still impose a life sentence if Mr. Collins were sentenced today. (Doc. # 187 at 7). Regardless, the Court assumes, without deciding, that Mr. Collins has established an extraordinary and compelling reason for release.

Nevertheless, compassionate release will not be granted. Before granting compassionate release, the Court must determine that the defendant is not a danger to any other person or the community, U.S.S.G. 1B1.13(2), and that the 18 U.S.C. § 3553(a) factors favor early release. Notably, Section 3553(a) requires the imposition of a sentence that protects the public and reflects the seriousness of the crime.

4

As the Court has previously held, "given the nature and circumstances of [Mr.] Collins'[s] offenses of conviction and his criminal history, he poses a danger to the community if released" and the Section 3553(a) "factors weigh against granting the motion." (Doc. # 182 at 8-9). The Court stands by this previous determination. The Court reiterates the seriousness and circumstances of Mr. Collins's offense:

> The facts of this case were that [Mr.] Collins arranged for the purchase of five kilograms of cocaine from a cooperating law enforcement informant. That informant advised that he regularly dealt with [Mr.] Collins and others in the trafficking of narcotics and information suggests that [Mr.] Collins was involved between 2001 and 2012 in the purchase of cocaine, totaling 15 or more kilograms of cocaine. One instance, in September 2010, involved a shootout out between [Mr.] Collins and another drug trafficker in which both [Mr.] Collins and the other coconspirator were shot.
>
> As to instant offenses, [Mr.] Collins brought approximately $150,000 to an arranged meeting in a parking lot for the purchase [of] the cocaine. During the course of the transaction, a police officer in an unmarked vehicle pulled up behind [Mr.] Collins' car to initiate a traffic stop and [Mr.] Collins drove off at a high rate of speed, attempting to evade arrest, running stop signs and red lights in the process. [Mr.] Collins eventually abandoned his vehicle and fled on foot until he was apprehended and arrested.

(Id. at 8) (citations omitted).

Furthermore, Mr. Collins had multiple convictions prior to this case, including battery, fleeing and eluding police,

5

obstruction, robbery, possession of cocaine with intent to sell, and resisting arrest with violence. (Id. at 9; Doc. # 187 at 8). The Court is also troubled by Mr. Collins's prison disciplinary record, which reveals that as recently as December 29, 2021, Mr. Collins was found in possession of a controlled substance. (Doc. # 187-2 at 1). Mr. Collins's rehabilitative efforts do not change the Court's conclusion that he would pose a danger to the community if released and that he must serve his entire sentence to protect the public and promote respect for the law.

The Motion is denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Stanley Collins's pro se Motion for Reduction of Sentence/Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. # 184) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 28th day of October, 2024.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

6